# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

601 Lexington Avenue,
52nd Floor
New York, New York
10022

Telephone
212 765-5070

Facsimile
212 258-2291

Web Site
www.fr.com

January 14, 2010

[STAMP: ...NY ... ...ICALLY FILED ... DATE FILED: 15 JAN 2010]

MOTION DENIED

*[signature]* George B. Daniels
JUDGE GEORGE B. DANIELS
15 JAN 2010

**VIA FEDERAL EXPRESS and FAX (212) 805-6737**

Hon. George B. Daniels
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312



ATLANTA
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

Re: *Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP, et al.,*
No. 09-cv-8083 (GBD)

Dear Judge Daniels:

We represent the Defendants in this matter.

The Court has scheduled an initial Rule 26(f) conference in this matter for Wednesday, January 20 at 9:30 A.M. We write to request that the Court postpone that conference because, in light of recent developments, discussion of a scheduling order for the case is premature.

The Complaint in this matter was filed on September 22, 2009. Defendants moved to dismiss the complaint on November 25, 2009, on the grounds that some of Plaintiff's claims are time-barred and the remaining claims are not yet ripe. Defendants also moved for a stay of the litigation because the scope of discovery in this matter will depend significantly on the outcome of a decision that the United States Court of Appeals for the Federal Circuit is expected to issue in the next few months. Oral argument in that related matter is now scheduled for February 5, 2010.

On January 11, 2010, Plaintiff filed an opposition to Defendants' motion but simultaneously purported to file an Amended Complaint, setting forth approximately 18 pages of additional factual material as well as several new causes of action, in an effort to cure some of the deficiencies identified by Defendants' motion. (Plaintiffs attached their Amended Complaint as an exhibit to their opposition, but they apparently have yet not filed it with the court.) Defendants intend to move to dismiss the Amended Complaint and propose doing so on a schedule that would have the motion submitted by the end of February.

If the Court grants Defendants' motion to dismiss, no discovery will be necessary. Even if the motion to dismiss is denied, the Federal Circuit's decision will determine the scope of needed discovery because a decision in favor of Leviton in that matter will eliminate certain significant issues from the case.

FISH & RICHARDSON P.C.
January 14, 2010
Page 2

      Given that discovery may be unnecessary and, even if necessary, is of uncertain scope, Defendants respectfully suggest that the Court defer setting a schedule for discovery until after (i) it has decided Defendants' motion to dismiss; and (ii) the Federal Circuit has rendered its decision in the related case. Pursuant to your Honor's Individual Practices, we have consulted with counsel for the Plaintiff regarding the requested relief. Plaintiff has not consented to our request to reschedule the conference because it believes that fact discovery should proceed, notwithstanding the amended complaint Plaintiff will file and the pendency of the related appeal before the Federal Circuit.

      For the court's convenience, we have attached a proposed order, which includes a proposed briefing schedule for Defendants' new motion to dismiss. Plaintiff has not consented to the proposed briefing schedule. Plaintiff believes that the Defendants should either (i) withdraw their motion to dismiss and answer the Amended Complaint or (ii) move to dismiss the *Amended* Complaint in their *Reply* brief, which was filed in support of a motion to dismiss a complaint that has now been superseded. As part of its proposal, Plaintiff would agree to a reasonable number of additional pages for Defendants' Reply brief and file a Sur-Reply thereafter that is restricted to the new matters addressed in Defendants' Reply.

      Plaintiff's position is contrary to the governing law. *See, e.g., Lucente v. IBM Corp.*, 310 F.3d 243, 260 (2d Cir. 2002) ("We feel compelled to point out, however, that the court's decision contravened a cardinal rule of civil procedure: an amended complaint ordinarily renders the original complaint of no legal effect. It is as though the original complaint was never served. Consequently, a court may not deprive an affected party of the right to file a response to an amended pleading if the party so desires.") (internal citations and quotation marks omitted). Accordingly, we respectfully request that the Court enter the attached proposed order.

                                                       Sincerely,

                                                       Kevin Downey / D.F.

                                                      Kevin M. Downey
                                                      WILLIAMS & CONNOLLY LLP

                                                      David Francescani
                                                      FISH & RICHARDSON, P.C.

                                                      *Counsel for Defendants*

Enc.
cc:    Jeffrey A. Jannuzzo, Esq. *(e-mail only)*
       David A. Kalow, Esq. *(e-mail only)*
       Milton Springut, Esq. *(e-mail only)*
       Scott D. Locke, Esq. *(e-mail only)*
       James Montgomery, Esq. *(e-mail only)*

30519972.doc