UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LEVITON MANUFACTURING CO., INC.,

                                                                                                         09 CV 8083 (GBD)(THK)

                  Plaintiff,

                  -against-

GREENBERG TRAURIG LLP, PAUL J. SUTTON,
BARRY G. MAGIDOFF, and CLAUDE R.
NARCISSE,

                  Defendants.
------------------------------------------------------------X

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A STAY

        Defendants' application for a stay should be denied. All that is at issue now is whether discovery should commence. The trial date is by no means imminent; neither is the date for substantive motions, nor even the start of expert discovery. At the conference on January 20, 2010, this Court noted that it was unlikely it would issue a stay of discovery in this case "simply to wait for a decision in another case."[1] That reasoning was sound, and nothing in defendants' motion provides grounds for a different result.

        As Leviton set out in its prior Memorandum In Opposition to Defendants' Motion to Dismiss, all that may change as a result of the Federal Circuit appeal is the size of the damages in this case, and then as to only three of the eleven Causes of Action, not four as defendants suggest. Defendants tacitly concede that all the other Causes of Action will remain untouched by the appeal.

---

[1] The Court: It is unlikely that I'm going to stay discovery simply to wait for a decision in another case. That doesn't seem appropriate. I have no guarantee that that's going to be dispositive one way or the other to most of the issues in this case, so that's not likely. But I'll see whether or not any further stay is appropriate beyond the 31st. *Transcript 1/20/2010 at 11:2-7, Docket No. 36.*

Defendants are incorrect that the appeal will change anything about the First Cause of Action, which is for disgorgement of the legal fees that defendants were paid on a case that, as potential adverse witnesses against their own client, they either never should have commenced, or should have immediately withdrawn from. *Compl. ¶ 153-166, 235-242*. As Leviton showed in its accompanying Memorandum on the motion to dismiss, the Federal Circuit is not being asked to, and cannot, rule on whether these defendants were potential adverse witnesses who should never have been counsel in the case. *Leviton 3/2/2010 Memo. In Opp. at 21-22*.

Even if the Federal Circuit should rule that the inequitable conduct charges fail to meet the standard of proof by clear and convincing evidence of intent to deceive the Patent Office,[2] that will not exonerate the defendants of liability for their disloyalty to their client, by proceeding as counsel in a case where their improper conduct before the Patent Office was set forth in a detailed complaint for declaratory judgment filed by Leviton's adversary, based on documents in the public record, and which identified the individual defendants by name as the perpetrators. *Compl. ¶ 158-159; DR 5-102(b),[3] DR 5-102(d);[4] In re Green*, 36 A.D.3d 12, 827 N.Y.S.2d 67 (Second Dept. 2006) (appearing as counsel when lawyer could be adverse witness is grounds for professional discipline).

---

[2] *E.g., AstraZeneca Pharmaceuticals LP v. Teva Pharmaceuticals USA, Inc.*, 583 F.3d 766, 776 (Fed.Cir. 2009).

[3] *DR 5-102(b)* provides as follows: "Neither a lawyer nor the lawyer's firm shall accept employment in contemplated or pending litigation if the lawyer <u>knows or it is obvious</u> that the lawyer or another lawyer in the lawyer's firm may be called as a witness on a significant issue <u>other than on behalf of the client</u>, and it is apparent that the testimony would or <u>might be prejudicial to the client</u>." *(Emphasis added.)*

[4] *DR 5-102(d)* provides as follows: "If, after undertaking employment in contemplated or pending litigation, a lawyer <u>learns or it is obvious</u> that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue <u>other than on behalf of the client</u>, the lawyer may continue the representation until it is apparent that the testimony is or <u>may be prejudicial to the client</u> at which point the <u>lawyer and the firm must withdraw</u> from acting as an advocate before the tribunal." *(Emphasis added.)*

As to the Second and Fourth Causes of Action, which concern damages to the value of Leviton's '766 Patent, even if the appeal is completely successful and the Federal Circuit vacates the determination of inequitable conduct, its decision will only affect the size of the damages, not defendants' liability.  Whether or not defendants committed the intentional offense of purposely deceiving the Patent Offense is irrelevant to whether they committed professional negligence in acting as they did.[5]  It is as simple as the distinction between culpability for first degree homicide, and  liability for wrongful death.

A determination of "inequitable conduct" requires a finding of actual intent to deceive the Patent Office, which must be proven by clear and convincing evidence. *AstraZeneca Pharmaceuticals LP v. Teva Pharmaceuticals USA, Inc.*, 583 F.3d 766, 776 (Fed.Cir. 2009).  Mere intent to withhold material information will not support a determination of "inequitable conduct," nor will proof of gross negligence in failing to make the disclosures. *Id.*

By contrast, professional malpractice has a distinct and much lower standard: that the lawyer "failed to exercise 'the ordinary reasonable skill and knowledge' commonly possessed by a member of the legal profession." *Darby & Darby, P.C. v. VSI Int'l, Inc.*, 95 N.Y.2d 308, 313, 716 N.Y.S.2d 378, 380, 57 U.S.P.Q.2d 1155 (2000).  Furthermore, liability for legal malpractice merely requires proof by a preponderance of the evidence. *McKenna v. Forsyth & Forsyth*, 280 A.D.2d 79, 84 720 N.Y.S.2d 654, 658 (Fourth Dept. 2001).

At oral argument, the Federal Circuit was mindful of the distinction, with repeated

---

[5] When defendants cited the transcript of the argument to this Court, for the contention that Leviton had "conceded" that the outcome of this case may in part depend on what the Federal Circuit did, defendants did not mention that in the very next sentence, Leviton's counsel explicitly described that different standards were involved. *Defs. Mot. at 3; compare Trans. 24:19-21 (cited by defs), with 24:21-25:3:* "There are different standards involved.  There is a negligence standard when it involves professional responsibility and misconduct and we are talking about inequitable conduct which is a much higher standard."

questions or comments suggesting that even if a lawyer breached accepted practice in failing to make disclosures to the Patent Office, and even if the information not disclosed was material, that would not control their decision on whether inequitable conduct had been proven.[6]

As to damages on the Second and Fourth Causes of Action, as Leviton has pled, and as these life-long patent lawyers well know, the judicial finding of inequitable conduct rendered the patent unenforceable, and diminished its value, from the moment the judicial determinations became public in 2008, and 2009. *Compl. ¶ 147-149.* Even if the appeal is completely successful, and the finding is vacated by the Federal Circuit in 2010 or 2011, the value of the patent will have been diminished in the intervening years, including the impairment to Leviton's ability to obtain royalties or license fees for products utilizing the invention during that time. *Compl. ¶150; see Leviton 3/2/2010 Memo. in Opp. at 23-24.*

On the Third Cause of Action, for the million-dollar sanctions for litigation misconduct assessed by Judge Davis in the Shanghai Meihao Litigation, even if the appeal is completely successful, Leviton will still have had to pay a small fortune to litigate in Maryland and the Federal Circuit to overcome the imposition of sanctions. *Compl. ¶ 151-152, 242.* Whether or not defendants' conduct rose to the level of sanctionability, it was still not appropriate for defendants to, *e.g.*, ignore a subpoena duces tecum addressed to themselves for documents relating to their own

---

[6] *E.g.,* MS. MANNING [Shangai Meihao counsel]: Well, that it's material information that must be disclosed to the examiner. JUDGE MICHEL: Or it's automatically inequitable conduct? MS. MANNING: No, sir. *Defs Exh. A at 56:16-21.*

JUDGE PROST: . . . what exactly do you mean he knew about it and had a duty to disclose it. Because that standard would encapsulate every time somebody knows about a piece of prior art and doesn't disclose it, that to me certainly cannot be our standard of intent. In Kingstown we rejected gross negligence, for example. *Defs Exh. A at 57:20-58:7.*

JUDGE MICHEL: I'm just focusing on the idea that seem to be embedded in that standard in the Praxair opinion. That it only applies if the prosecuting attorney knew that the information he was not submitting was highly material, not just material but highly material. *Defs Exh. A at 74:12-19.*

misconduct in prosecuting the '766 Patent. *Exh. B (Gauvey Dec. at 69).* Judge Davis wrote that:

> The inference is inescapable that the misguided efforts of Leviton's counsel to resist discovery on inequitable conduct arose in significant part because <u>it was members of that firm that had engaged in such conduct</u>. *(Compl.¶ 143) (Emphasis added.)*; *Exh. A (Davis Dec at 14).*

Whether or not defendants' conduct rose to the level of million dollar sanctions, no one can seriously contend that, *e.g.*, not timely responding to a subpoena duces tecum was good practice.

Any stay of discovery now would prejudice Leviton, in a case where the events are acknowleged by all to span a considerable length of time, and where the principal individual defendant, Paul Sutton, is approximately 70 years of age. Where there is "even a fair possibility" that the stay will prejudice an opposing party, a stay will be granted only in rare circumstances to a litigant who makes out a clear case of hardship or inequity. *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166 (1936); *LaSala v. Needham & Co., Inc.*, 399 F.Supp.2d 421, 427 (S.D.N.Y. 2005)("'if there is even a fair possibility that the stay . . . will work damage to some one else,' the movant 'must make out a clear case of hardship or inequity in being required to go forward'"). Defendants have not even attempted to make the required showing of "a clear case of hardship."

All that is at issue now is whether discovery should commence, and Leviton will be prejudiced by delay if discovery does not commence. As this Court recognized, it would not be sound to stay this case simply to await a decision in another case. If at some point in the future circumstances change as a result of the appeal, the parties can take up with the Court at such time how the changed circumstances might affect this case. However, neither in their prior Memorandum, nor in their current Motion, have defendants cited any case, nor Leviton has found one, allowing a stay where numerous causes of action would be unaffected by a pending appeal, <u>or</u>

where a cause of action that might be touched by an appeal was affected only as to the size of the damages. And as Leviton showed in its prior Memorandum, even in a "one cause of action only" malpractice case, even where the related case would actually be dispositive of the liability for the malpractice (as opposed to merely the size of the damages), <u>discovery</u> was ordered to go ahead on issues that affected malpractice liability. *Dimensional Music Publishing, LLC v. Estate of Kersey,* 448 F.Supp.2d 643, 656 (E.D.Pa. 2006).

In the case at bar, all that is at issue now is the commencement of discovery, and it would be unfair to halt this case, where eight Causes of Action will be untouched by the appeal, and only liability and not damages will be affected for the other three. Defendants' request for a stay of discovery should be denied.

Dated: March 2, 2010

        JEFFREY A. JANNUZZO, ESQ.
        *Counsel for plaintiff Leviton Mfg. Co., Inc.*

By: _____
        Jeffrey A. Jannuzzo (JJ 3203)

10 East 40th Street, 35th Floor
New York, NY 10016-0301
(212) 932-8524
jeff@jannuzzo.com

KALOW & SPRINGUT LLP
*Counsel for plaintiff Leviton Mfg. Co., Inc*
488 Madison Avenue
New York, NY 10022
(212) 813-1600
ms@creativity-law.com

Motion-2010-3-2-stay resp-signed.wpd