UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————

LEVITON MANUFACTURING CO., INC.,

                 Plaintiff,

       – against –                           Civil Action No. 09-cv-08083-GBD

GREENBERG TRAURIG LLP, PAUL J.
SUTTON, BARRY G. MAGIDOFF and
CLAUDE R. NARCISSE,

                 Defendants.

——————————————————————————

REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

# TABLE OF CONTENTS

I.     THE CONTINUOUS REPRESENTATION RULE DOES NOT APPLY. ....................... 1

    A.     Defendants' Motion Correctly Cites the Governing Law. ..................................... 1

    B.     Leviton's Alternative "Related Representation" Standard Misstates the
        Law. ........................................................................................................... 3

    C.     Defendants Did Not Continuously Represent Leviton on the Matters in
        Suit. ........................................................................................................... 5

        1.     Patent Prosecution and Patent Litigation Are Distinct Matters. ................ 5

        2.     "Continuation" Patent Applications Are Distinct Matters. ........................ 6

        3.     Leviton's "Counsel of Record" Argument Lifts Form Over
            Substance. ................................................................................................. 8

    D.     It is Leviton's Burden to Allege a Complete Basis for Tolling the
        Statute. ....................................................................................................... 9

II.    LEVITON'S LEGAL MALPRACTICE CLAIMS ARE PREMATURE. ....................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)........................................................................9

*Bastys v. Rothschild*,
    No. 97-cv-5154, 2000 WL. 1810107 (S.D.N.Y. Nov. 21, 2000).........................................1

*Combined Tactical System Inc. v. Defense Tech. Corp. of America*,
    589 F. Supp. 2d 260 (S.D.N.Y. 2008)..........................................................7

*Elias v. Albanese*,
    No. 00-cv-2219, 2000 WL. 1182803 (S.D.N.Y. Aug. 21, 2000)...............................1, 2, 6

*Hoffenberg v. Bodell*,
    No. 01-cv-9729, 2002 WL. 31163871 (S.D.N.Y. Sept. 30, 2002) ......................................3

*Panigeon v. Alliance Navigation Line, Inc.*,
    1997 WL. 473385 (S.D.N.Y. 1997)............................................................9

*Offshore Express, Inc. v. Milbank, Tweed, Hadley & McCloy, LLP*,
    291 Fed. Appx. 358 (2d Cir. 2008)........................................................4, 5, 6

*Mason Tenders District Council Pension Fund v. Messera*,
    958 F. Supp. 869 (S.D.N.Y. 1997)..........................................................1, 2, 9

*Touchcom v. Bereskin & Parr, LLP*,
    No. 1:07-cv-0114 (E.D.V.A. Feb. 12, 2010) ....................................................9

*Uehigashi v. Kanamori*,
    161 F. Supp. 2d 221 (S.D.N.Y. 2001)..........................................................2

## STATE CASES

*Artese v. Pollack*,
    2004 WL. 749885 (N.Y. Sup. Ct. 2004)........................................................8

*Byron Chemical Co., Inc. v. Groman*,
    61 A.D.3d 909 (N.Y. App. Div. 2d Dep't 2009) ...........................................2, 3

*CLP Leasing Co., LP v. Nessen*
    12 A.D.3d 226 (N.Y. App. Div. 1st Dep't 2004)..........................................2, 3

*Hasty Hills Stables, Inc. v. Dorfman, Lunch, Knoebel & Conway, LLP*,
    52 A.D.3d 566 (N.Y. App. Div. 1st Dep't 2008)................................................................4

*Igen v. White*,
    250 A.D.2d 463 (N.Y. App. Div. 1st Dep't 1998)...........................................................10

*Lai v. Gartlan*,
    28 A.D.3d 263 (N.Y. App. Div. 1st Dep't 2006)................................................................2

*Luk Lamellen U. Kupplungbau GmbH v. Lerner*,
    166 A.D.2d 505 (N.Y. App. Div. 2d Dep't 1990)........................................................5, 6

*McCoy v. Feinman*,
    99 N.Y.2d 295 (N.Y. 2002) ...........................................................................................1, 8

*Parlato v. Equitable Life Assur. Social of U.S.*,
    299 A.D.2d 108 (N.Y. App. Div. 1st Dep't 2002)...........................................................2

*Pellati v. Lite & Lite*,
    290 A.D.2d 544 (N.Y. App. Div. 2d Dep't 2002) ...........................................................4

*Reed v. Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman*,
    278 A.D.2d 296 (N.Y. App. Div. 2d Dep't 2000) ...........................................................4

*Shumsky v. Eisenstein*,
    96 N.Y.2d 164 (N.Y. 2001) ..........................................................................................3, 4

*Stampfel v. Eckhardt*,
    143 A.D.2d 184 (N.Y. App. Div. 2d Dep't 1988) ...........................................................4

*Williamson v. PricewaterhouseCoopers, LLP*,
    9 N.Y.3d 1 (N.Y. 2007) ...................................................................................................2

*Zaref v. Berk & Michaels, P.C.*,
    192 A.D.2d 346 (N.Y. App. Div. 1st Dep't 1993)...........................................................2

**OTHER AUTHORITIES**

35 U.S.C. § 154(a)(2)...............................................................................................................6

Leviton's Opposition to Defendants' Motion to Dismiss the Amended Complaint (("Opp"), Dkt. No. 42) rests on a misinterpretation of New York law, and a mischaracterization of its own appeal before the Federal Circuit.  Leviton's untimely claims should be dismissed.

## I.    THE CONTINUOUS REPRESENTATION RULE DOES NOT APPLY.

Conceding that the alleged malpractice in patent prosecution occurred more than three years (and in some cases more than a decade) before the Complaint was filed, Leviton focuses its argument on the continuous representation doctrine.  Opp. at 3-11.  Its first and primary contention is that Defendants described the doctrine too narrowly when they cited New York authority for the proposition that the doctrine only tolls the statute of limitations during the period of "continued representation in the <u>specific</u> matter directly under dispute."  *See* Mem. of Law in Support of Mot. to Dismiss (("Mot."), at 5.  Picking and choosing from amongst Defendants' authority, Leviton contends that Defendants' cases do not apply to legal malpractice claims, *see* Opp. at 5, and that in legal malpractice actions the Plaintiff need only meet a lesser showing that successive matters are "related" to each other, *id.* at 3-6.  Leviton misreads the law.

### A.    Defendants' Motion Correctly Cites the Governing Law.

As an initial matter, there is no truth to the assertion that Defendants' Motion relied exclusively on "cases for financial advisors," Opp. at 5, or that it would have been wrong to do so even if it had.  Leviton simply ignores the multitude of authority in Defendants' motion that fails to fit that thesis.  Not only are *Mason Tenders District Council Pension Fund v. Messera*,[1] *McCoy v. Feinman*,[2] *Bastys v. Rothschild*,[3] and *Elias v. Albanese*,[4] <u>all</u> legal malpractice cases,

---

[1]    958 F.Supp. 869, 888-89 (S.D.N.Y. 1997) (Mot. at 9 & 13).

[2]    99 N.Y.2d 295, 298-300, 305-07 (N.Y. 2002) (Mot. at 15).

[3]    2000 WL 1810107, *29 (S.D.N.Y. 2000) (Mot. at 15).

[4]    2000 WL 1182803, *5 (S.D.N.Y. 2000) (Mot. at 19).

they all stand for the exact proposition Leviton says does not apply:  that the continuous

representation "doctrine is strictly limited to instances where the continuing representation

pertains specifically to the matter in dispute." *Mason Tenders*, 958 F. Supp. at 889.

Moreover, Plaintiff's suggestion that legal malpractice cases are somehow different from

other malpractice actions because courts "[go] out of their way to protect the clients of lawyers,"

Opp. at 5, is unsupportable.  The continuous representation "doctrine was first recognized in

medical malpractice cases," *Williamson  v. PricewaterhouseCoopers, LLP*, 9 N.Y.3d 1, 8 (N.Y.

2007), and has since been applied in a wide variety of professional contexts.  Nowhere do the

courts suggest that they would go "out of their way" to protect well-heeled and sophisticated

consumers of legal services like Leviton more than they would protect consumers of medical,

dental or accounting services.  Whatever the professional service, the rules are the same.

Thus, while Leviton is correct that *Zaref v. Berk & Michaels, P.C.*, 192 A.D.2d 346, 348

(N.Y. App. Div. 1st Dep't 1993) (Mot. at 2, 8) and *Parlato v. Equitable Life Assur. Soc. of U.S.*,

299 A.D.2d 108, 114 (N.Y. App. Div. 1st Dep't 2002) (Mot. at 8, 17), arose in the context of

accounting malpractice, Opp. at 5, its attempt to distinguish these cases ignores that they are

among the most widely-cited decisions on the "continuous representation" rule in any context—

including prior legal malpractice actions in this District.[5]  Those courts' holdings that the

continuous representation rule does not apply to "discrete and severable transactions," *Parlato*,

299 A.D.2d at 114, and requires a showing of "continued representation in the specific matter

directly under dispute," *Zaref*, 192 A.D.2d at 348, is just as much the law in this action as it is in

---

[5]    *See, e.g., Mason Tenders*, 958 F. Supp. at 889 (following *Zaref* in legal malpractice
action); *Elias*, 2000 WL 1182803, *5 (same); *Uehigashi v. Kanamori*, 161 F. Supp. 2d 221, 226
(S.D.N.Y. 2001) (Mot. at 16) (same); *Byron Chemical Co., Inc. v. Groman*, 61 A.D.3d 909, 910-
11 (N.Y. App. Div. 2d Dep't 2009) (same); *Lai v. Gartlan*, 28 A.D.3d 263, 264 (N.Y. App. Div.
1st Dep't 2006) (following *Parlatto in* legal malpractice action); *CLP Leasing Co., LP v. Nessen*,
12 A.D.3d 226, 227 (N.Y. App. Div. 1st Dep't 2004) (same).

any other.  *See also Hoffenberg v. Bodell*, 2002 WL 31163871, *7 (S.D.N.Y. 2002) ("To show

continuous representation, a plaintiff must demonstrate (1) ongoing representation in connection

with the specific matter from which the malpractice arose and (2) clear indicia of an ongoing,

continuous developing and dependent relationship between the client and the attorney.")

      **B.**    **Leviton's Alternative "Related Representation" Standard Misstates the Law.**

     As an alternative to what it calls the "false proposition that to be continuous, the

subsequent representation must be on the identical matter in question," Opp. at 3, Leviton finds

language in a handful of cases which it reads to suggest that the "continuous representation rule

applies to protect the clients of lawyers until three years after a <u>related</u> representation ends," *id.*

at 3-4 (emphasis added).  But if there are courts that use terms like "related" or "unrelated" in the

course of describing the legal services that fit on either side of the doctrine, that does not mean

these courts have crafted a substitute test of "relatedness" that is the sole criteria for deciding

whether the statute of limitations is tolled.  None of Leviton's citations apply such a test.  Indeed,

they directly undermine it.

     Both  *Byron Chem. Co.*, and *CLP Leasing Co.*, *supra*, Opp. at 4, expressly rely upon the

same cases and standards that Defendants rely on.  While both opinions use the term "unrelated"

to explain their finding that there was no continuing representation, neither suggests that being

"related" is on its own sufficient.[6]  *Shumsky v. Eisenstein*, 96 N.Y.2d 164 (N.Y. 2001), the lead

case cited by Plaintiff for its "related" representation standard, Opp. at 3, involved just a single

representation, not a series of representations.  *Id.* at 165.  While the court discusses why

---

[6]    *See Byron Chem Co.*, 61 A.D.3d at 910-911 (citing *Zaref* and holding that malpractice
claims were not tolled where attorney "continued to act as corporate counsel to the plaintiffs
between 1993 and 2003" but not on the specific matter in question, could not); *CLP Leasing*, 12
A.D.3d at 227 (citing *Zaref* and affirming dismissal of a complaint that alleged only "the
continuation of a general professional relationship, <u>and not an ongoing representation concerning
the specific matters from which their claims arose</u>." (emphasis added)).

"unrelated" professional services would not constitute a "continuous representation," *id.* at 168-69, nowhere does it suggest that merely being related is enough to invoke the doctrine. To the contrary, the Court expressly holds that "in the context of a legal malpractice action, the continuous representation doctrine tolls the Statute of Limitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice." *Id.* at 168. Likewise in *Pellati v. Lite & Lite*, 290 A.D.2d 544 (N.Y. App. Div. 2d Dep't 2002), another case cited by Plaintiff for its use of the word "related," Opp. at 3 & 11, there was again only a single "representation of the plaintiff . . . in connection with [the] summary eviction proceeding." *Id.* at 545. Neither this, nor any of Plaintiff's other citations, holds that the statute of limitations is tolled during the pendency of a subsequent matter that is merely "related" to the one in which malpractice is alleged.[7]

Leviton's attempt to divine its own legal standard to fit the needs of its case is unsupported by the authority that it cites. Nor does Leviton's "related representation" standard make sense in light of the purpose underlying the doctrine. "Both the New York Court of Appeals and [the Second Circuit] have recognized that the rule is premised on the fact that no person should be forced to jeopardize his pending case or his relationship with the attorney handling that case during the period that the attorney continues to represent the person." *Offshore Express, Inc. v. Milbank, Tweed, Hadley & McCloy, LLP*, 291 Fed. Appx. 358 (2d Cir. 2008) (summary order) (citing *King v. Fox*, 418 F.3d 121, 133 (2d Cir. 2005)). But as the Second

---

[7]    *Stampfel v. Eckhardt*, 143 A.D.2d 184 (N.Y. App. Div. 2d Dep't 1988), Opp. at 11, rests on an identical finding as *Pellati*. *Id.* at 185. In *Hasty Hills Stables, Inc. v. Dorfman, Lunch, Knoebel & Conway, LLP*, 52 A.D.3d 566 (N.Y. App. Div. 1st Dep't 2008) (Opp. at 4), the plaintiff argued a point similar to Leviton's namely that successive representations concerned the same "subject matter." *Id.* Nevertheless, because the representations were distinct, the contiuous representation rule did not apply. *Id.* Finally, *Reed v. Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman*, 278 A.D.2d 296 (N.Y. App. Div. 2d Dep't 2000), Opp. at 3, is a summary opinion with no discussion of the facts that led the Court to toll limitations. *Id.*

Circuit found, these purposes are inapplicable when the client makes the "decision to use [its same attorneys] in connection with [subsequent] litigation" despite being "free to hire any other attorney or any other law firm." *Id.* In such a circumstance, the defendant attorneys' "representation in the litigation [is] the product of its ongoing relationship with [the client], but not part of the same representation under the continuous representation doctrine." *Id.*

Leviton long since knew of the factual grounds for its claims, and had no obligation to re-hire these Defendants over and over again if it was dissatisfied with their work.[8] The fact that it continued to do so is not a reason to toll the statute of limitations, but to enforce it.

## C. Defendants Did Not Continuously Represent Leviton on the Matters in Suit.

For the forgoing reasons, it does not suffice for Leviton to show a mere similarity or relatedness in successive representations, one of which continued into the limitations period. Leviton must show that Defendants represented it into the limitations period on the specific matter from which the alleged malpractice arises. This it has failed to do.

### 1. Patent Prosecution and Patent Litigation Are Distinct Matters.

Leviton argues that prosecution of a patent followed by "representation in litigation over the patent constitutes continuous representation as a matter of law." Opp. at 10-11. Defendants have already explained how Leviton is misreading its lone citation for that claim, *Luk Lamellen U. Kupplungbau GmbH v. Lerner*, 166 A.D.2d 505 (N.Y. App. Div. 2d Dep't 1990). *See* Mot. at 16. And, even Leviton concedes that *Luk Lamellen* simply took this critical point "for granted." Opp. at 10. The viability of this $100 million claim should not be determined by a twenty-year old assumption.

---

[8]     As the Complaint makes clear,  Leviton could have argued as far back as 2004 that Defendants "failed to prosecute proper patent protection for [its] 'isolated conductors' invention," if it truly thought that was malpractice. *See* First Am. Compl. ¶ 112. It likewise knew of Shanghai Meihao's "inequitable conduct" argument in 2005. *Id.* ¶ 125. Leviton's decision to continue to employ Defendants for years thereafter was a knowing one.

Had the court addressed the matter in substance, it would have been hard pressed to explain why patent prosecution before the USPTO and patent litigation in the Federal Courts are the same continuous matter for limitations purposes.  As Defendants explained in their motion, these representations occur in different venues, with different rules, and different objectives.  *See* Mot. at 15.  Often, including here, they are also conducted by different attorneys with unique knowledge and specialized skills.  *Id.*  If, in the ordinary case, transactional work and subsequent litigation are considered "a product of [the] ongoing relationship . . . but not part of the same representation under the continuous representation doctrine," *Offshore Express*, 291 Fed. Appx. 358, then no different result should attach to patent prosecution and subsequent litigation.

Moreover, Leviton's position would lead to absurd results if it were adopted.  A patent offers protection for twenty years from the date of filing.  *See* 35 U.S.C. § 154(a)(2).  If every lawsuit filed to enforce or defend that patent was the "same" matter as the patent prosecution itself, then each such lawsuit would also be the "same" matter as every other lawsuit relating to that patent.  When combined with Leviton's other argument that successive patent prosecutions are likewise the "same" matter, *see* Opp. at 11-13, there would be almost nothing a patent attorney could do that would not inevitably be treated as a single, continuing matter years later— allowing the client to sue for alleged "malpractice" in any one matter within three years of the completion of the last matter.  (The Complaint identifies fifty-eight litigations that would qualify under this standard.  *See* First Am. Compl. ¶ 40).  As Judge Rakoff succinctly put it when faced with a similar claim in *Elias*:  "This, plainly, is not the law."  2000 WL 1182803, at *5.

## 2.    "Continuation" Patent Applications Are Distinct Matters.

With respect to "continuation" patent applications, the most Leviton argues is that multiple applications in the same patent family are "related to the same invention."  Opp. at 12 (emphasis in original).  As explained above, Leviton is arguing to the wrong standard.  Even if it

were not, it cannot show that "continuation" applications are related to each other in a way that is meaningful for purposes of the "continuous representation" doctrine.

While "continuation applications" do arise from the same disclosure, they are distinct in that the "continuation application . . . makes new claims regarding what is original about the invention." *Combined Tactical Sys. Inc. v. Defense Tech. Corp. of Am.*, 589 F.Supp.2d 260, 264 (S.D.N.Y. 2008). The application is prosecuted on its own separate track, *id.*, and results in the issuance of its own unique patent.

The problems inherent in treating such applications as a "continuous" matter are well-illustrated by Plaintiff's GFCI claim (Count Five). The Complaint alleges that Defendants committed malpractice in 1999, when they filed an "incomplete" application for a patent, which subsequently issued as the '558 patent in 2001. *See* First Am. Compl. ¶ 109-110. But Plaintiffs did not sue for that alleged malpractice, for which it seeks $82 million, until a decade later. The radical argument Leviton is advancing for why it could wait that long without forfeiting its rights, is that in June 2001 the '558 patent was followed by a continuation application (the '953 patent), which in turn was followed by another continuation application (the '126 patent) in August 2002, which was followed by another continuation application (the '766 patent) in April 2004, which was followed by yet another continuation application (the '124 patent) in October 2004, which itself remained pending until December 2008. *Id.* ¶¶ 52, 63-71.

If this daisy chain gives Leviton a way to argue that a "related" matter continued into the limitations period, it provides absolutely no support for why Leviton waited a decade after the alleged malpractice to assert its rights. The pendency of the '124 patent application until 2008 is at best coincidental, and certainly did nothing to prevent Leviton from bringing a claim of malpractice years earlier than it did. Leviton's use of that patent to now justify the timeliness of its claims is nothing more than opportunism. Once again, this, plainly, is not the law. *See also*

*McCoy*, 99 N.Y.2d at 306 (rejecting an expansive continuous representation argument and holding that "[t]he policies underlying a Statute of Limitations—fairness to defendant and society's interest in adjudication of viable claims not subject to the vagaries of time and memory—demand a precise accrual date").

3.    <b>Leviton's "Counsel of Record" Argument Lifts Form Over Substance.</b>

In a final effort to argue that Defendants "continuously represented" it in patent prosecution matters long past the date when alleged malpractice occurred, Leviton argues that "defendants were counsel of record before the USPTO on all the patents at issue, and that they continued to be counsel of record until 2008, and even beyond." Opp. at 6-7. Noticeably absent from this argument, however, is any suggestion that Defendants' alleged status as counsel of record resulted in the provision of legal services within the limitations period. Instead, Leviton is simply arguing that regardless whether these matters were active or inactive at the time the statute of limitations should have run, the statute is tolled because Defendants are formally listed by the USPTO as Leviton's counsel. *Id.* This argument need not trouble the Court for long.

A fundamental element of the continuous representation rule is that there be a "mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim." *McCoy*, 99 N.Y.2d at 305-06. An allegation that Defendants were formally designated as counsel of record on matters that were long since concluded, with no expectation of further services, fails to toll the statute of limitations. *Id.*(measuring limitations from the date last services performed, not the date client file was closed). Whatever the law is in Virginia, New York courts do not "permit a limitations period to depend on a continuing omission that can go on for decades." *Id.*; *see also Artese v. Pollack*, 2004 WL 749885 (N.Y. Sup. Ct. 2004) ("Continuous representation terminates when it becomes manifest that the client has ceased to

8

repose trust and confidence in the attorney even if the attorney's withdrawal as counsel has not been formally sanctioned and no other attorney undertakes the representation").[9]

### D.    It is Leviton's Burden to Allege a Complete Basis for Tolling the Statute.

As a fall-back position, Leviton repeatedly argues that if the Court has any doubt about whether the "continued representation" doctrine applies, it should let the case proceed to discovery. Opp. at 5, 15-16. This argument ignores that it is Leviton's affirmative burden to allege sufficient facts to invoke the doctrine. *Mason Tenders*, 958 F.Supp. at 890; *Panigeon v. Alliance Navigation Line, Inc.*, 1997 WL 473385, *7 (S.D.N.Y. 1997). It has not done so, and therefore has no right to proceed to discovery. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.    LEVITON'S LEGAL MALPRACTICE CLAIMS ARE PREMATURE.

Finally, Leviton argues that its legal malpractice claims are unaffected by its appeal to the Federal Circuit. Opp. at 19-23. This argument ignores the written record of that appeal.

First, it is simply untrue that "[n]othing about the First or Second Cause of Action is dependent on the outcome of the appeal, or the finding of 'inequitable conduct.'" Opp. at 19-20. Those two claims assert that it was improper for Defendants to have served as Leviton's counsel in the Shanghai Meihao litigation to enforce the '766 patent because they allegedly had a conflict of interest arising from how that patent was prosecuted. *See* First Am. Compl. ¶¶ 235-46. But as Leviton argues in its appeal, not only was there no such misconduct in patent prosecution, there was no reason for Defendants to <u>believe</u> they had engaged in misconduct. *See* Ex. A to Mot. at 49 ("Narcisse offered not only a plausible explanation but a very reasonable explanation"); *see also id.* at 32-36; Ex. B at 8-11. If the Federal Circuit agrees with Leviton, it will conclusively

---

[9]    Plaintiff's citation to *Touchcom v. Bereskin & Parr, LLP*, 1:07-cv-0114 (E.D.V.A. Feb. 12, 2010) (Opp. at 7-8), is inapposite. Contrary to Plaintiffs' assertions, the plaintiff in that case did not merely allege that the defendant was nominally "counsel of record." Rather, it alleged that the defendant undertook specific actions as part of the same representation into the limitations period. *Id.* at 5.

establish that Defendants had no reason to withdraw from the litigation, and eliminate Leviton's claimed injury. The holding Leviton has asked for would moot these causes of action.

With respect to the Third Cause of Action, Leviton acknowledges that its appeal could wipe out the permanent source of its alleged injury, but nevertheless contends it is injured because it has deposited a bond with the clerk's office. Opp. at 21. That is but another way of saying that whether Leviton's injury is permanent or just transitory depends upon the outcome of litigation pending elsewhere. The claim is therefore not ripe. *See* Mot. at 23-24 (citing cases).

Finally, Leviton concedes that its largest claims for damages (Counts Two and Four, for $100 million each) may be eviscerated by the appeal. Opp. at 23; *see also* Opp. to Mot. for Stay (Dkt. # 41), at 2-4. Leviton argues that it may nevertheless pursue a claim for a "market value" that was "diminished during the intervening years," *id.*, but neither the Complaint nor the Opposition cites any specific injury that occurred as a result of that diminished market value. The holding in *Igen v. White*, 250 A.D.2d 463, 464 (N.Y. App. Div. 1st Dep't 1998) (Mot. at 24), is therefore directly on point. Leviton seeks to distinguish *Igen* on the ground that it was decided at summary judgment. Opp. at 22. Regardless of the context, *Igen* holds that this type of vague and indefinite "injury" is not recoverable. If Leviton cannot even <u>allege</u> a cognizable injury, it cannot prove one either.[10]

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

/s/ Kevin M. Downey
Kevin M. Downey (admitted *pro hac vice*)
Alex G. Romain (admitted *pro hac vice*)
Carl R. Metz (admitted *pro hac vice*)

---

[10]   Leviton's assertion that its equitable claims do not duplicate its malpractice claims, Opp. at 17-19, is erroneous. Both sets of claims are expressly premised on the same set of facts, and seek identical relief. *Compare* First Am. Compl. Counts Six & Eight, *with* Counts Nine, Ten and Eleven. Leviton's remaining arguments are addressed in Defendants' opening Memorandum.

Corey M. Then (admitted *pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC  20005


/s/  David Francescani _____
David Francescani (Bar No. DF9701)
Karolina Jesien (Bar No. KJ7292)
FISH & RICHARDSON, P.C.
601 Lexington Ave – 52nd Floor
New York, NY  10022-4611

*Counsel for Defendants Greenberg Traurig
LLP, Paul J. Sutton, Barry G. Magidoff and
Claude R. Narcisse*

March 15, 2010

## <u>CERTIFICATE OF SERVICE</u>

On March 15, 2010, I caused to be filed on the Court's ECF docket the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT.  Copies of the foregoing papers will be served on all counsel of record via the Court's ECF system.


/s/ Carl R. Metz
Carl R. Metz