UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEVITON MANUFACTURING CO., INC.,

        Plaintiff,

   – against –                      Civil Action No. 09-cv-08083-GBD

GREENBERG TAURIG LLP, PAUL J.
SUTTON, BARRY G. MAGIDOFF and
CLAUDE R. NARCISSE,

        Defendants.

---

### DEFENDANTS' REPLY MEMORANDUM
### IN SUPPORT OF THEIR MOTION FOR A STAY

The overriding premise of Leviton's Opposition to Defendants' Motion for a Stay (("Opp."), Dkt. # 41) is that Leviton's appeal to the Federal Circuit is of no consequence to the majority of its claims, and of only marginal consequence to the rest. *See* Opp. at 1 ("… all that may change as a result of the Federal Circuit appeal is the size of the damages in this case, and then as to only three of the eleven Causes of Action . . ."). On that basis, Leviton argues that "[a]ll that is at issue now is whether discovery should commence." *Id.*

Leviton is being far too humble about the scope of its own appeal. The reality is that the appeal holds the promise of dramatically altering the scope of the case, including by eliminating entire avenues of costly and time consuming discovery. The Federal Circuit gave strong indications at oral argument that Leviton's appeal was an important matter to which it was giving substantial attention. Inasmuch as that Court will have had the case for nearly eight weeks by the time this motion is argued, there is little sense in pressing forward with full discovery on such an uncertain landscape.

First, with respect to Counts Two and Four, there should be no mistake about what Leviton means when it says that the Federal Circuit's ruling will "only affect the size of the damages" it is claiming. Opp. at 3 (emphasis added). Leviton likens this to a difference between "first degree homicide, and liability for wrongful death," *id.*—an analogy that is as inapt as it is morbid. The true distinction is between a $100 million claim premised on the assertion that Leviton's patent is unenforceable, *see* First Am. Compl. ¶¶ 246, 254, and a claim orders of magnitude smaller premised on the assertion that although the patent is enforceable, its value was "diminished" for a period of time while the enforceability was being litigated, Opp. at 4. Those are fundamentally different claims, not only in terms of what is at stake to the Defendants, but also in terms of what discovery is needed.

At minimum, if the issues in the case turn on Leviton's assertion that Defendants' actions rendered its patent invalid, it will have to prove that it was entitled to that patent in the first place. *See, e.g., Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10 A.D.3d 267, 271-72 (N.Y. App. Div. 1st Dep't. 2004) ("Under New York law, to establish the elements of proximate cause and actual damages, where the injury is the value of the claim lost, the client must meet the 'case within a case' requirement, demonstrating that 'but for' the attorney's conduct the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages."). This "case within a case" requirement applies to this patent malpractice action, *see Davis v. McDowell*, --- F.3d ----, 2010 WL 698875 (Fed. Cir. Mar. 2, 2010), and will require a substantial amount of fact and expert discovery. Much, if not all, of that discovery will be avoided if the appeal to the Federal Circuit is successful, because the issues on the Second and Fourth causes of action will then be narrowed to whether Leviton suffered a legally cognizable injury for "diminished value," and if so, whether Defendants were responsible for it.

Second, Leviton's assertion that too few claims are affected by the appeal to merit a stay, mistakes the importance of those claims to the overall action, and to the scope of discovery. More than half of Leviton's alleged damages are contained in the four causes of action that are directly affected by the appeal.[1] Those claims are also the only ones for which a significant volume of electronic discovery is likely to exist. Much of the alleged malpractice in patent prosecution occurred between 1997 and 1999, before the individual Defendants were even affiliated with Greenberg Traurig. Substantial discovery will flow from the electronic records surrounding those recent events. If the claims that bring those records into question are not even a viable part of the case, the parties should know that before they embark on a time-consuming discovery process.

Third, and finally, Leviton's argument that it will be "prejudiced" by a stay, Opp. at 5, is unsupported. If anyone has been prejudiced by the delay in bringing these cases forward, it is Defendants. Leviton acknowledges that for more than forty years, until 2007, Defendants had earned the "friendship and trust" of Mr. Harold Leviton, the then-Chairman and CEO of Leviton. *See* First Am. Compl. ¶¶ 19, 23. It was only after Mr. Leviton's passing, that his successors in the company's management decided to sue their former outside counsel and challenge conduct that allegedly occurred as long ago as 1997. Having waited over a decade already to bring some of its claims, Leviton surely can wait whatever additional length of time the Federal Circuit needs to decide an appeal that will have been fully-briefed and argued for nearly eight weeks by the time this motion is heard.

---

[1] Leviton disputes that the First Cause of Action will be affected by the outcome of the appeal. Opp. at 2. As Defendants explain in their Reply Memorandum in support of Summary Judgment, the appeal directly changes the grounds on which Leviton asserts Defendants should have withdrawn as counsel. *See* Reply in Support of Mot. to Dismiss, at 9-10. If Leviton's argument is accepted, it will have no basis on which to assert that Defendants should not have been its counsel, and this claim will be moot.

  For these reasons and the ones argued in Defendant's opening memorandum, the Court should stay any claims that are not dismissed until after the Federal Circuit rules on Leviton's appeal.

                Respectfully submitted,

                /s/ Kevin M. Downey
                Kevin M. Downey (admitted *pro hac vice*)
                Alex G. Romain (admitted *pro hac vice*)
                Carl R. Metz (admitted *pro hac vice*)
                Corey M. Then (admitted *pro hac vice*)
                WILLIAMS & CONNOLLY LLP
                725 Twelfth Street, N.W.
                Washington, DC  20005

                /s/  David Francescani
                David Francescani (Bar No. DF9701)
                Karolina Jesien (Bar No. KJ7292)
                FISH & RICHARDSON, P.C.
                601 Lexington Ave – 52nd Floor
                New York, NY  10022-4611

                *Counsel for Defendants Greenberg Traurig LLP, Paul J. Sutton, Barry G. Magidoff and Claude R. Narcisse*

March 15, 2010

## CERTIFICATE OF SERVICE

   On March 15, 2010, I caused to be filed on the Court's ECF docket the foregoing DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR A STAY. Copies of the foregoing papers will be served on all counsel of record via the Court's ECF system.

             /s/ Carl R. Metz
             Carl R. Metz